**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-30044 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00038-HZ-1 |
| v. | |
| LEONEL MARIN-TORRES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted November 9, 2016[**]
Portland, Oregon

Before:  McKEOWN, W. FLETCHER and FISHER, Circuit Judges.

Leonel Marin-Torres appeals his conviction for assault with a dangerous

weapon with intent to do bodily harm in violation of 18 U.S.C. §§ 113(a)(3) and

7(3) and possession of prison contraband in violation of 18 U.S.C. §§ 1791(a)(2),

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(b)(3), (d)(1)(B) and 7(3). Marin-Torres contends he was effectively denied his right to represent himself in violation of the Sixth Amendment, *see Faretta v. California*, 422 U.S. 806, 821 (1975), because the district court denied him adequate access to discovery. Marin-Torres, whose is Spanish speaking, primarily contests the district court's denial of his request to have a complete set of translated discovery and the court's entry of a protective order prohibiting him from retaining discovery materials in his cell. "We review *de novo* whether there has been a violation of . . . the Sixth Amendment right to make a defense[,]" *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010), and we affirm.

Marin-Torres' right to self-representation under *Faretta* necessarily includes the right to prepare a defense. *See Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985). This right includes "time to prepare and some access to materials and witnesses" but "is not unlimited." *Id.* "Security considerations and avoidance of abuse by opportunistic or vacillating defendants may require special adjustments." *Id.*

Here, the district court appointed standby counsel, bilingual interpreters and investigators to assist Marin-Torres with his review of discovery materials. The district court also allowed Marin-Torres to have key documents translated into Spanish. Prisoner and officer safety required restricting Marin-Torres' ability to

2

retain and review materials outside of the presence of his defense team. These "special adjustments" were based on legitimate security concerns.

Marin-Torres responded to these accommodations by repeatedly obstructing his defense team's efforts to review discovery with him, electing to protest his unrequited demands rather than work within the reasonable confines set by the district court. To the extent Marin-Torres was not prepared to present a defense at trial, it was the result of his own choices. We cannot fault the district judge, who exhibited commendable patience in attempting to accommodate Marin-Torres' requests and his right to present a defense.

**AFFIRMED.**